**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION FUND | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| v. | ) ) ) | |
| ASM MECHANICAL, LLC, | ) ) | |
| Defendant. | ) | |

## C O M P L A I N T

NOW COME Plaintiffs, TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION FUND (the "Fund"), by and through their undersigned attorneys, and complain of Defendant, ASM MECHANICAL, LLC ("ASM"), an Indiana Limited Liability Company, as follows:

## NATURE OF THE CASE

1.     This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, to collect delinquent contributions and related sums Defendant is obliged to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

## JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

3.      Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state, in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4.      This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5.      Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered, the breach took place, and the Defendants reside or resided within this District.

## **PARTIES**

6.      Plaintiffs, TRUSTEES OF THE SHEET METEAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, are Trustees of a multiemployer "employee benefit plan" as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

7.      The Trustees of the Fund are fiduciaries for the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

8.      The Fund is a Taft-Hartley Fund administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

9.      The Fund receives contributions from numerous employers, including Defendant ASM MECHANICAL, LLC, pursuant to collective bargaining agreements ("CBAs") heretofore entered into between Local Union No. 20 of the International Association of Sheet Metal, Air,

Rail and Transportation Workers (the "Union") and those employers, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal law, and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

10. The Fund is administered in Lake County, Indiana.

11. As provided in the Fund's Trust Agreement, the Trustees of the Fund and their designees are required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreement.

12. ASM MECHANICAL, LLC is or was a limited liability company registered with the State of Indiana.

13. ASM's principal place of business is or was 105 N 400 W, La Porte, IN 46350.

14. Defendant is an employer engaged in an industry affecting commerce and has conducted business within the State of Indiana during the relevant period.

15. At all relevant times, ASM was party to a collective bargaining agreement or agreements with the Union.

16. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBA, by the terms of which Defendant is or was required to contribute to the Fund and, from time to time, to submit to payroll audits by the Fund or its agents.

## COUNT 1 – DELINQUENT CONTRIBUTIONS UNDER ERISA

17. Plaintiffs incorporate and reallege paragraphs 1–16.

3

18.     Plaintiffs initiated an audit of Defendant's payroll records for the work months of March 2022 through December 2023.

19.     Plaintiffs' audit of Defendant's payroll records revealed that Defendant has repeatedly failed to submit required contribution payments to the Fund pursuant to the terms of the Collective Bargaining Agreement by which it was bound, in violation of its contractual obligations and its obligations under applicable federal law.

20.     Defendant is delinquent to the Fund in the amount of EIGHTY-NINE THOUSAND ONE HUNDRED SIXTY-FIVE AND 89/100 DOLLARS ($89,165.89) for the work months of March 2022 through December 2023, including contributions, audit assessments and costs, interest, and attorney's fees, as provided for in the CBA and Trust Agreement and under applicable federal law.

21.     Defendant was notified of such delinquency in December of 2025 and has failed to remit payment; therefore, interest on such amounts and costs of collection, as provided for by ERISA, the Fund's collections policy, and the Trust Agreement, continue to accrue.

22.     As a result of the above-described omissions and breaches of agreement by Defendant, the Fund may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

23.    The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

24.    The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations under the CBA and Trust Agreement and is restrained from refusing to perform as required.

25.    Defendant's failure to pay contributions owed is a violation of the CBA and the Trust Agreement. The Fund, therefore, seeks enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., § 185(a).

**WHEREFORE**, the Plaintiffs pray:

(a)    That judgment be entered in favor of Plaintiffs and against Defendant in the amount of EIGHTY-NINE THOUSAND ONE HUNDRED SIXTY-FIVE AND 89/100 DOLLARS ($89,165.89), plus such additional amounts as have accrued and continue to accrue during the pendency of this lawsuit.

(b)    That Plaintiff be awarded its costs, including reasonable attorney's fees, incurred in the prosecution of this action, as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c)    That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement, the applicable provisions of ERISA, as amended, or any other authority.

(d)    That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution payments and to continue to perform all obligations on Defendant's part according to the terms and conditions of its Collective Bargaining Agreements.

(e)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By:    /s/ Alex Behn
       One of Plaintiffs' Attorneys

Alex Behn
Naomi Frisch
IL ARDC # 6343323
IL ARDC # 6328429
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
Phone: (312) 263-1500
ajb@ulaw.com
naomi@ulaw.com

Dated: August 6, 2026